Affirmed and Memorandum Opinion filed April 22, 2008








Affirmed and Memorandum Opinion filed April 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00125-CR

____________

 

JUAN ANTONIO MENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1065655

 



 

M E M O R A N D U M  O P I N I O N

Appellant was convicted of aggravated robbery and sentenced
to confinement for 39 years in the Texas Department of Criminal Justice,
Institutional Division.  Appellant challenges his conviction, arguing that the
trial court erred by including a paragraph in the jury charge concerning
extraneous offenses.  We affirm.








                        I.  Factual and Procedural
Background

Appellant, Juan Antonio Mendez, was charged by indictment
and tried before a jury for the felony offense of aggravated robbery.  The jury
heard testimony from the complainant, the responding police officer, and the
robbery investigator about an aggravated robbery committed on February 24,
2006.  The jury also heard testimony from two police officers about Appellant=s presence during
a separate incident involving the recovery of a firearm. 

Complainant testified that he and his brother were
unloading supplies from a truck near the back door of a nightclub owned by
complainant when they were accosted by a man holding a gun.  Although the
assailant pointed the gun at them and told them not to move, complainant ran
inside to find his own gun, shut the door, and attempted to call 911. When
complainant could not find his gun, he went to the front of the nightclub where
a second man, Appellant, came through the front door yelling in Spanish.  Appellant
ordered complainant not to move and threatened to shoot him if he moved. 
Appellant took complainant=s wallet, cell phone, and approximately
4000 dollars from his back pocket.  The first assailant then entered the nightclub
through the front door with complainant=s brother, placing
him on the floor next to complainant.  After both assailants left, complainant
discovered that the gun he normally kept in his truck was missing.  

Complainant positively identified Appellant in a video
line-up and in court as the second assailant who entered the nightclub through
the front door.  Additionally, two police officers testified about a separate
incident involving Appellant=s presence in a vehicle where they
recovered a firearm, which was later identified by complainant as the firearm
used by Appellant during the aggravated robbery.   Specifically, complainant
testified: A[t]hat was the gun.  I=m pretty
positive.  It looks exactly the same.@  No evidence was
presented about the recovery of the firearm missing from complainant=s truck.  








Before deliberations began, both sides participated in a
charge conference.  Defense counsel did not object to the jury charge during
the charge conference.  The court included the following instruction in the
jury charge:

You are further instructed that if there is any evidence before you in
this case regarding the defendant=s committing an alleged offense or offenses other than the
offense alleged against him in the indictment in this case, you cannot consider
such evidence for any purpose unless you find and believe beyond a reasonable
doubt that the defendant committed such other offense or offenses, if any, and
even then you may only consider the same in determining the motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident of the defendant, if any, in connection with the offense,
if any, alleged against him in the indictment and for no other purpose.

 

The jury found Appellant guilty of aggravated robbery. 
During the sentencing phase, the jury heard testimony from four witnesses about
two additional armed robberies committed by Appellant.  Testimony concerning
these additional armed robberies had not been presented during the
guilt/innocence phase of trial.  The jury assessed punishment at 39 years in
the Texas Department of Corrections, Institutional Division.  Appellant gave
timely notice of appeal.   

II.  Issue and Analysis

Appellant contends that the trial court erred by including
a paragraph on extraneous offenses in the jury charge because no evidence was
brought before the jury which could be construed as an offense, other than the
offense for which Appellant was being tried.  








The review of alleged jury charge error is a two step
process.  Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App.
1994); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984), overruled on other grounds, Rodriguez v. State, 758 S.W.2d
787 (Tex. Crim. App. 1988).  First, we examine the jury charge to see if the
trial court erred.  Abdnor, 871 S.W.2d at 731-32.  Second,
if we find that the trial court erred, we must determine if there is sufficient
harm to warrant reversal.  Id.  When a timely objection is made, error in
the jury charge requires reversal if the error was Acalculated to
injure the rights of defendant,@ meaning that the error was not harmless. See
Tex. Crim. Proc. Code Ann. ' 36.19 (Vernon 2006); see also Abdnor,
871 S.W.2d at 731-32.  Because Appellant did not timely object to the
inclusion of this paragraph in the jury charge, any error in including this
paragraph will not require reversal unless the error is so egregious that
Appellant wasd a fair and impartial trial.  See Almanza, 686
S.W.2d 157 at 174.  If we do find error in the jury charge, we must review the
entire record to determine whether Appellant suffered egregious harm.  Ex parte
Smith, 185 S.W.3d 455, 467 (Tex. Crim. App. 2006).  

In the present case, Appellant cites no authority to
support his contention that it was error for the trial court to include this
instruction.  As noted by the trial court, the extraneous offense instruction
was included to address the separate offense of possession of a firearm on a
date subsequent to the aggravated robbery.  The jury heard evidence from two
police officers regarding Appellant=s presence during
a separate incident involving the recovery of a firearm.  This firearm was
later identified as the same firearm used in the aggravated robbery for which
Appellant was on trial.  The extraneous offense paragraph merely instructed the
jury that Aif@ there was evidence of an extraneous
offense, then it could only be considered for specific purposes as set out in
the instruction, and that it could be considered only after the burden of proof
had been satisfied.








Even if the trial court erred by instructing the jury on
extraneous offenses, Appellant has not shown that the error was so egregious
that he was denied a fair and impartial trial.  See Almanza, 686
S.W.2d at 171-72.  No evidence was presented during the guilt/innocence phase
of trial as to any extraneous offenses, except possession of a firearm. 
Evidence of possession of a firearm was presented when the jury heard testimony
that Appellant was present in a vehicle where police offers recovered a
firearm, later identified by complainant as the firearm used in this aggravated
robbery.  The jury only heard testimony about the actual recovery of the
firearm, and did not hear about any extraneous offenses leading up to the
recovery of the firearm.  We find no support in the record for Appellant=s argument that
the instruction may have caused jurors to speculate that Appellant was involved
in additional offenses beyond those presented at trial, and that such
speculation resulted in egregious harm to Appellant.  After reviewing the
entire record from voir dire through closing arguments at the guilt/innocence
phase of trial, we conclude that the instruction regarding Aother offense or
offenses, if any,@ did not cause egregious harm to
Appellant. 

III.  Conclusion

Based
on the foregoing, we find that the trial court did not err in including a
paragraph in the jury charge concerning extraneous offenses.  Therefore, the
judgment of the trial court is affirmed.           

 

 

/s/      Norman
Lee

Senior Justice

 

 

Judgment rendered and Memorandum Opinion filed April 22,
2008.

Panel consists of Justices Yates, Guzman, and Lee.[1]









[1]  Senior Justice Norman Lee sitting by assignment.